IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERRY W. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:24CV60 |
| | ) |
| SERGEANT WHITSETT, | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

> The facts surrounding Plaintiff's claim are not entirely clear. He contends that Defendant sent him down a set of stairs in unsafe conditions, causing him to fall. He also alleges that Defendant did not provide him with adequate medical treatment even though the need for treatment was clear. However, the Complaint does not contain sufficient facts showing that a reasonable person in Defendant's place would or should have known of the severe danger or of Plaintiff's medical needs. Instead, it is mainly conclusory on these points. The Complaint does allege that Defendant knew of Plaintiff's prior medical conditions because they were in the records of Defendant's employer. However, the Complaint does not allege facts showing that Defendant knew or should have known of the contents of those medical records, and it is not clear why, as a guard in a detention facility, he would read detainees' medical records. The Complaint also alleges that another guard saw Plaintiff fall, said he saw the fall coming, and was aware Plaintiff might be injured after the fall. However, it is not clear how the information that the other guard saw or knew would inform what Defendant saw and knew or should have known. The Complaint must be based on what

>Defendant knew or should have known. Also, the Complaint appears to state that this other guard took Plaintiff to see medical personnel, and it is unclear how Defendant could have denied Plaintiff medical care if Plaintiff was taken for medical care by another person. Plaintiff must set out enough facts to tell the story of what happened and to support the legal conclusions set out in the Complaint. Finally, Plaintiff continues to make allegations of "negligence." Negligence is not enough to state a claim under § 1983, which covers only intentional, knowing, or reckless violations of civil rights.[1]

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

Plaintiff also filed a Motion [Doc. #3] seeking an appointment of counsel, and he names the person he seeks to have appointed. The Court will deny this request in light of the recommendation of dismissal without prejudice. Plaintiff may raise his request again in a Motion seeking counsel if he refiles a proper claim. However, he should also be aware

---

[1] As the Court of Appeals for the Fourth Circuit recently explained:
> To state a claim for deliberate indifference to a medical need, the specific type of deliberate indifference claim at issue in this case, a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Short v. Hartman, 87 F.4th 593 (4th Cir. 2023). The Fourth Circuit further noted while recklessness would satisfy this standard, "it is still not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611-12.

2

that he cannot request a particular person as counsel.  Further, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  However, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).  Instead, court assistance in obtaining counsel constitutes "a matter within the discretion of the District Court.  It is a privilege and not a right."  Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968).  In this regard, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances."  Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)).  "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant."  Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989) (holding that Section 1915 does not authorize compulsory appointment of counsel). Specifically, "[i]f it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."  Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).  Here, Plaintiff has not made a showing that would warrant appointment of counsel at this time.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.  The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS FURTHER ORDERED that Plaintiff's Motion [Doc. #3] requesting counsel is denied without prejudice.

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 14th day of February 2024.

                                            /s/ Joi Elizabeth Peake
                                          United States Magistrate Judge